EDWARD F. TRAVIS *v.* WILLIAM A. BASSETT.

It is not, on appeal to this court, a sufficient reason for setting aside a judgment rendered in one of the lower courts by default, that the defendant's failure to appear was caused by his reliance upon the promise of the assignor of the plaintiff (with whom—after receiving notice of the assignment—he was negotiating for a settlement), to stop the proceedings in the suit.

In actions in the Marine Court, applications to open defaults for such a cause should be made in that court.

The existence of a valid set off against the assignor of the plaintiff, though it might have been used against the assignee, but for which the defendant may still maintain an action against such assignor, does not prove that "manifest injustice has been done" (within the meaning of § 366 of the Code), by a judgment for the plaintiff by default in the Marine Court.

THIS was an application, under § 366 of the Code, to set aside or suspend a judgment for the plaintiff, rendered by default in the Marine Court. The defendant insisted, in view of the circumstances stated in the opinion, that "manifest injustice had been done," and that his default was satisfactorily excused.

*William Peet* and *Charles A. Nichols,* for the defendant.

*Henry D. Lapaugh,* for the plaintiff.

BY THE COURT. INGRAHAM, FIRST J.—In this case the judgment was obtained by default. The defendant appeals on the grounds that injustice has been done, and that his default in the court below is excused.

From the affidavits presented, it appears that the defendant has large claims against Nelson, the original creditor, who assigned to Travis, the plaintiff; and that Nelson's credit is doubtful.

The excuse for not appearing is a negotiation with Nelson, and a promise by Nelson to stay proceedings in this suit.

These grounds are not sufficient to warrant opening the judgment on appeal. An application to the court below might

be made with more propriety. It is not a sufficient excuse for not appearing on the trial that Nelson, the assignor of the claim, was negotiating with the defendant, and promised to stop the proceedings. The defendant admits notice of the assignment and the service of the summons. He should at least have paid sufficient attention to his own interests to attend on the return of the summons, and see that his agreement with Nelson was carried out. There was nothing to show that the plaintiff had any agency in deceiving the defendant.

Nor do I think that the fact of having a set off to a claim is any evidence of injustice having been done by the rendition of the judgment. The claim is still good against Nelson, and may be prosecuted. We are to suppose Travis to be the legal owner of the claim; and if the defendant has neglected to set off his claims, the same should be no reason for vacating a judgment otherwise properly recovered.

Motives of this character should more properly be addressed to the Marine Court, where power exists now to grant new trials.

On appeal we can only order a new trial when the default is excused, and it appears that by the judgment injustice has been done. To do this requires proof of something more than negligence on the part of the debtor.

The judgment should be affirmed.